IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

PAUL SECKEL,

    Plaintiff,

v.                                                                    4:12-cv-4163-KOB

TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Plaintiff Paul Seckel's "Motion to Remand to the Circuit Court of Etowah County, Alabama." (Doc. 5). The court issued an order to show cause why the case should not be remanded for lack of sufficient proof of the jurisdictional amount in controversy (doc. 4); Defendant Travelers Home and Marine Insurance Co. responded to the show cause order and motion to remand simultaneously. (doc. 6). For the reasons stated below, the court will DENY Mr. Seckel's motion to remand.

Mr. Seckel filed a three count complaint against Travelers and several fictitious parties in the Circuit Court of Etowah County, Alabama, on November 21, 2012. (Doc. 1-1). In his complaint, Mr. Seckel seeks compensatory damages, emotional damages, and "such equitable and monetary damage" as the court deems necessary to compensate him for damages he suffered as a consequence of an automobile accident in which he was involved with an uninsured motorist. *Id.* at 6. On December 21, 2012, Travelers removed the case to this court. (Doc. 1). On

January 3, 2013, this court ordered Travelers to show cause why the case should not be remanded (doc. 4), and on January 10, 2013 Mr. Seckel filed a motion to remand. (doc. 5).

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75], 000 jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds, Cohen v. Office Depot, Inc* ., 204 F.3d 1069 (11th Cir. 2000). Because Mr. Seckel has made an unspecified demand for emotional damages in addition to his monetary claim in his state court complaint, the *Tapscott* standard applies here.

Travelers argues that the court should consider a letter Mr. Seckel sent to Travelers as evidence of a settlement demand that exceeds the requisite amount in controversy. In the letter Mr. Seckel stated, "I am seeking to be made whole . . . I have no doubt I can win a 6 figure judgment on this." (Doc. 1-2, at 2). While settlement demands or offers *can* be evidence that unspecified claims for damages meet the amount in controversy requirement, "puffing and posturing" like that contained in Mr. Seckel's letter is insufficient to establish the jurisdictional amount by a preponderance of the evidence. *See Taylor v. Piggly Wiggly of Bay Minette, Ala.*, 2012 WL 3555576 (S.D. Ala. 2012) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.").

In his motion to remand, Mr. Seckel argues that this court does not have jurisdiction over this case because the amount in controversy is $26,340, and for a federal district court to have jurisdiction over an action, the amount in controversy must exceed $75,000.  28 U.S.C. §

1332(a). Mr. Seckel is correct that for this court to have jurisdiction the amount in controversy must exceed $75,000; however, the court considers <u>all</u> claims in calculating the amount in controversy, not just the actual monetary damages claimed by a plaintiff. Here, Mr. Seckel is not only claiming $26,340 in compensatory damages but also "such equitable and monetary damage" as this court sees fit on his intentional infliction of emotional distress and unjust enrichment claims. (Doc. 1-1, at 6). "Such equitable and monetary damage" could foreseeably total or exceed $48,660 in unspecified damages.

Although the court questions the merits of Mr. Seckel's emotional distress claim under Alabama law, his pleading put those emotional damages at issue and the likelihood of success on those claims is irrelevant at this point. *See Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010). ("[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.").

If Mr. Seckel seriously sought less than $75,000 in total damages, he had ample opportunity to make his demands clear to Travelers and to the court. He could have submitted an affidavit in support of his motion to remand specifically stating that he does not claim any more than $74,999.99, even if he did not state such an intention in his state court complaint. *See Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333,1335 (N.D. Ala. 2012) ("[P]laintiffs like [the one in this case], who want to pursue claims against diverse parties in state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.").

Although Mr. Seckel only specifically claimed $26,430 in actual damages in his state court complaint, the unspecified damages he seeks for his alleged emotional distress and unjust enrichment claims allow the Defendant to meet the amount in controversy requirement. Without an affidavit from Mr. Seckel stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES Mr. Seckel's motion to remand.

DONE and ORDERED this 29th day of January, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE